[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CLARIFY
The Employment Security Appeals Decision — Board of Review returned the record to the Superior Court on December 27, 1996. General Statutes § 31-249b states that, "In all cases the board shall certify the record to the court." The record as returned to the court includes the printed claimant Eligibility Registration Form, which bears form number UC-123 (Rev. 3/95), and is designated "Connecticut Labor Department" and also "Employment Security Division" and bears the designation "For Office Use Only".
General Statutes § 31-240 provides that "claims for benefits shall be made, in accordance with such regulations as the administrator may prescribe . . ." General Statutes § 31-241
provides that the administrator "shall promptly examine the initiating claim . . . ".
The form returned to the court as part of the record purports to be an initiating form. No claim is made that there is any other type of form used or available to initiate an unemployment compensation claim. The form is signed by David Beaudry and bears the date September 21, 1995. It is referred to in the listing of documents returned to the court as "Claimant Eligibility/Registration Form, dated September 21, 1995 (two pages)."
Counsel for the Administrator, at oral argument, raised the CT Page 1288 question of "if and when" Mr. Beaudry submitted the form to the Administrator.
The Board of Review, by signature of its chairman, Bennett Pudlin, has certified this record to the court by transmission dated December 23, 1996. If in fact the record is improperly certified it is for the Board to correct the certification, such that the record will correctly reflect the documents which are included in the record.
Although there appears to be no confusion in the record, the Board shall be given the opportunity to search its record, which from the time of initiation is and remains in the exclusive custody and control of the Employment Security Division, to determine whether there exists any additional or inconsistent Eligibility/Registration form as would alter or in any fashion modify the UC-123 form returned to the court as an essential part of the Record in this appeal.
The court observes that the claimant alleges, in his appeal from the Referee's decision, that he furnished to the Referee his retained copy, his part, of the "eligibility claim form", which is obviously Return Exhibit # 1. It is obvious that the original of this form, which would have been thereafter completed by the Interviewer and would have been thereafter retained in the Administrator's file, should be part of the record in this case. Hence the inquiry by the Board should more properly be to theAdministrator, as to the whereabouts of the original document which should be a part of the Administrator's file.
This document is critical to a proper determination of the appeal as, on its face, it contains the disclosure to the Administrator that the claimant was self employed and was an officer of the corporation. Albeit without pay or compensation, and in reliance upon the Administrator's expertise to advise and to determine his eligibility. The Appeals Referee and the Board appears to have overlooked this form, having made no reference to the form in the various appeals decisions. Obviously the claimant cannot be held accountable for the failure of the Administrator to properly maintain the original form in the Administrator's file.
The claimant's copy of the form is and remains part of the record, as is appropriate under the particular circumstances of an apparent misfiling or misplacement of the original form by the CT Page 1289 Administrator. Should the Board conclude, upon further review of the record as reconstructed or reviewed, that the appeal should be sustained as to the fraud determination, then fundamental fairness to the claimant would allow the Board to so determine. The Board shall thereafter return the reconstructed record to the Court to determine any such issues as are thereafter remaining.
L. Paul Sullivan.